## WALLER v. UNITED STATES.
### Civ. A. No. 817–47.

United States District Court
District of Columbia.

Dec. 6, 1948.

Thomas H. Patterson and Marcus Borchardt, both of Washington, D. C., for plaintiff.

Leon F. Cooper, Sp. Asst. to the Atty. Gen., for defendant.

HOLTZOFF, District Judge.

This is an action against the United States for refund of certain federal income taxes.

Plaintiff was a commissioned medical officer of the regular corps of the United States Public Health Service from March 14, 1914 to April 1, 1940. On the last mentioned date, he was retired for physical disability incurred in line of duty.

The question presented in this case is whether the retirement pay received by the plaintiff is exempt from income taxes. The plaintiff claims that his retirement pay, in view of the fact that the retirement was due to physical disability incurred in line of duty, is free from income tax and comes under the exemption defined in the Internal Revenue Code, § 22(b) (5), 26 U.S.C.A. § 22(b) (5), which reads as follows: "* * * amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country." The basic question is, therefore, whether the disablitiy which formed the basis for the plaintiff's retirement resulted from active service in the armed forces of any country.

The Public Health Service is not a part of the armed forces of the United States. Those consist of the Army, Navy, the Marine Corps, and the Coast Guard. In time of war, the Public Health Service may be and in World War II was temporarily taken into the armed forces. This was done, however, after the plaintiff was retired.

It must be borne in mind that the general principle of tax law that provisions of the tax statutes, if ambiguous, should be construed in favor of the taxpayer does not apply to exemption provisions. An exemption provision is not construed in favor of the taxpayer in case of ambiguity. For example, in United States v. Stewart, 311 U.S. 60, 71, 61 S.Ct. 102, 109, 85 L.Ed. 40, the Supreme Court states: "Exemptions from taxation cannot rest upon mere implications."

The plaintiff relies, however, upon Section 37, Title 42 of the United States Code Annotated, enacted in 1930, which provides that commissioned officers of the regular corps of the Public Health Service shall receive the same pay and allowances as may be authorized for officers of corresponding grades in the Medical Corps of the Army. The difficulty with the plaintiff's contention, as the Court sees it, is this: True, commissioned officers of the Public Health Service are to receive the same pay and allowances as officers of the Medical Corps of the Army. This provision, however, does not say they shall also receive the same exemptions. Moreover, the term "allowances" is hardly to be construed as comprising retirement pay, but

irrespective of that consideration, this provision does not carry for the benefit of the officers of the Public Health Service the same tax exemptions as are received by the officers in the Medical Corps.

The Court realizes that there is some degree of unfairness in granting such a tax exemption as is involved here to an officer of the Medical Corps and refusing to extend it to personnel of the Public Health Service, but tax statutes are frequently arbitrary. They must be construed as written and sometimes the conclusion reached is not necessarily equitable. The remedy lies with Congress.

In the light of the considerations to which I have referred, I am of the opinion that Public Health Officers, retired at a time other than time of war, are not entitled to tax exemption on their retirement pay even though the retirement was for physical disability.

Judgment for the defendant.

Counsel will submit proposed findings of fact, conclusions of law, and a form of judgment.