

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 14, 1950

Hon. R. T. Weber, D.D.S.          Opinion No. V-1045.
Secretary-Treasurer
Texas State Board of             Re: The exemption of den-
  Dental Examiners                   tists employed by the
Austin, Texas                        Veterans Administra-
                                     tion or the U.S. Pub-
                                     lic Health Service
                                     from Texas license and
                                     registration require-
Dear Sir:                            ments.

        Your request for an opinion reads in part as
follows:

        "Since World War II the Veterans Admin-
    istration of the United States has employed a
    number of Texas licensees on a full time basis
    to perform dental services upon ex-members of
    the Armed Forces under the GI-Veterans program.
    These Texas dentists practice in Federal Vet-
    erans hospitals in the State of Texas and in
    other states and in offices rented or leased
    by the Veterans Administration in various Tex-
    as areas. No fees are charged the ex-service
    member and the Texas licensee receives a fix-
    ed salary from the Veterans Administration.

        "The United States Public Health Service
    has employed Texas licensees on full time ba-
    sis the same as the Veterans Administration
    and that agency is considered by this depart-
    ment as occupying a similar position to the
    Veterans Administration in so far as the oper-
    ation of the Texas laws is concerned."

        On the basis of the above facts, you have pre-
sented for our determination the following three questions:

        "1. The full time Veterans Administra-
    tion and United States Public Health Service
    Texas licensed dentists claim exemption un-
    der the . . . statute (Art. 4550a, V.C.S.).

Are such licensees entitled to annual registration fee exemption?

"2.   Are full time Veterans Administration and United States Public Health Service dentists not licensed to practice dentistry in Texas but who perform dental services upon ex-members of the Armed Forces and/or their dependents in Veterans Administration hospitals under the exclusive control and jurisdiction of the Federal Government in violation of the . . . statutes prohibiting the practice of dentistry by persons not licensed so to do?

"3.   Are full time Veterans Administration and United States Public Health Service dentists not licensed to practice dentistry in Texas who perform dental services upon ex-members of the Armed Forces and/or their dependents in offices, clinics, or other establishments under lease by the Veterans Administration exempt from the provisions of the Texas Statutes prohibiting the practice of dentistry without first having been licensed in this State?"

The above questions will be discussed and answered in the order stated.

Article 4550a, V.C.S., provides in part:

". . . Provided, however, that the requirements governing the payment of annual registration fees and penalties for late registration shall not apply to licensees who are on active duty with the armed forces of the United States of America, and are not engaged in private or civilian practice."

Article 4548, V.C.S., is as follows:

"No person shall practice or offer, or attempt to practice dentistry or dental surgery in this State, without first having obtained a license from the State Board of Dental Examiners, as provided for in this law, provided that physicians and surgeons may, in the regular practice of their profession, extract teeth or make application

for the relief of pain.  Nothing herein applies to any person legally engaged in the practice of dentistry in Texas at the time of the passage of this law."

38 U.S.C.A., Sec.15, is as follows:

"The medical service in the Veterans' Administration, as at present constituted, is abolished and in its stead there is authorized and established in the Veterans' Administration a Department of Medicine and Surgery under a Chief Medical Director.  The functions of the Department of Medicine and Surgery shall be those necessary for a complete medical and hospital service to be prescribed by the Administrator of Veterans' Affairs (referred to in sections 15-15n of this title as the Administrator) pursuant to said sections, other statutory authority and regulations established pursuant to law, for the medical care and treatment of veterans. Jan. 3, 1946 c. 658, § 1, 59 Stat. 675."

38 U.S.C.A., Sec. 15a provides that the department of medicine and surgery shall include the following: Office of the Chief Medical Director, Medical Service, Dental Service, Nursing Service, and Auxiliary Service.

38 U.S.C.A., Sec.15d provides:

"Any person to be eligible for appointment in the Department of Medicine and Surgery must --

"(a)  Be a citizen of the United States.

"(b)  In the Medical Service --

"Hold the degree of doctor of medicine or of doctor of osteopathy from a college or university approved by the Administrator, have completed an internship satisfactory to the Administrator, and be licensed to practice medicine, surgery, or osteopathy in one of the States or Territories of the United States or in the District of Columbia.

"(c)  In the Dental Service --

"Hold the degree of doctor of dental surgery from a college or university approved by the Administrator, and be licensed to practice dentistry in one of the States or Territories of the United States or in the District of Columbia. . ."

38 U.S.C.A., Sec. 706b is as follows:

"In the administration of laws pertaining to veterans, retired officers, and enlisted men of the Army, Navy, Marine Corps, and Coast Guard, who served honorably during a war period as recognized by the Veterans' Administration, shall be, and are entitled to hospitalization and domiciliary care in the same manner and to the same extent as veterans of any war are now or may hereafter be furnished hospitalization or domiciliary care by the Veterans' Administration and subject to those provisions of paragraph VI (A) of Veterans Regulation Numbered 6 (c), which provide for reduction of monetary benefits to veterans having neither wife, child, nor dependent parent while being furnished hospital treatment, institutional, or domiciliary care.  July 19, 1939, ch.331, § 4, 53 Stat. 1070; Dec. 22, 1941, c.612, 55 Stat. 850."

Veterans Regulation No. 7(a) promulgated by Executive Order No. 6333 dated July 28, 1933, (38 U.S.C.A., p.684) provides:

"The Administrator of Veterans' Affairs, within the limits of Veterans' Administration facilities, is authorized in his discretion to furnish to honorably discharged veterans of any war, including the Boxer rebellion and the Philippine insurrection, and to men honorably discharged from the United States Army, Navy, Marine Corps, or Coast Guard for disabilities incurred in line of duty, such medical, surgical, and dental services as may be found to be reasonably necessary for diseases or injuries incurred or aggravated in the line of duty in the active military or naval service. . ."

This office has been reliably informed by the Veterans Administration that it is not within or under

the jurisdiction of any of the several departments that go to make up the Armed Forces of the United States. On the contrary, it is a separate federal agency. The Public Health Service is likewise a separate federal agency under the jurisdiction of the Federal Security Agency. 42 U.S.C.A., Sec.2.

In Weller v. United States, 81 F. Supp. 210 (Dist. Col. 1948), the court said:

"The Public Health Service is not a part of the Armed Forces of the United States. Those consist of the Army, Navy, the Marine Corps, and the Coast Guard. In time of war, the Public Health Service may be and in World War II was temporarily taken into the Armed Forces."

It therefore follows that since the Veterans Administration and United States Public Health Service are not within the jurisdiction of any of the departments comprising the Armed Forces of the United States, the dentists in the employment of such agencies are not "on active duty with the Armed Forces of the United States" within the meaning of Article 4550a, V.C.S., relating to the exemption from payment of registration fees required of licensed Texas dentists.

Passing now to your second question, we call attention at the outset to the fact that Chapter 7 of Title 12 of Vernon's Penal Code and Chapter 9 of Title 71 of Vernon's Civil Statutes regulating the practice of dentistry are exercises of the police powers of the State and are designed to protect the health and general welfare of the people of this State. Waller v.State, 68 S.W.2d 601 (Tex.Civ.App.1934); A.G. Opinion O-4764, dated August 25, 1942. However, an agency of the United States is not subject to the police powers of a State. In Re Fruesler, 67 S.D. 207, 291 N.W. 582 (1940).

In Ervin v. Conn, 225 N.C. 267, 34 S.E.2d 402 (1943), the court stated:

"Immunity of interference by local law with the instrumentalities created for the

government of the United States is a familiar principle." [1]

In <u>Mayo v. United States</u>, 319 U.S. 441 (1943) the court said:

"Since the United States is a government of delegated powers, none of which may be exercised throughout the Nation by any one state, it is necessary for uniformity that the laws of the United States be dominant over those of any state. Such dominancy is required also to avoid a breakdown of administration through possible conflicts arising from inconsistent requirements. The supremacy clause of the Constitution states this essential principle. Article VI. <u>A</u> <u>corollary to this principle is that the ac-</u> <u>tivities of the Federal Government are free</u> <u>from regulation by any state.</u> No other adjustment of competing enactments or legal principles is possible.

" . . .

"These inspection fees are laid directly upon the United States. They are money exactions the payment of which, if they are enforceable, would be required before executing a function of government. Such a requirement is prohibited by the supremacy clause. We are not dealing as in Graves v. State of New York, etc., supra, with a tax upon the salary of an employee, or as in State of Alabama v. King & Boozer, 314 U.S. 1, 62 S.Ct. 43, 86 L. Ed. 3, 140 A.L. R. 615, with a tax upon the purchases of a supplier, or as in Penn Dairies, Inc., v. Milk Control Comm. of Pennsylvania, 318 U.S. 261, 63 S.Ct. 617, 87 L. Ed. _____,

---

1. <u>McCulloch v. Maryland</u>, 4 Wheat., 316, 4 L. Ed. 579; <u>State of Ohio v. Thomas</u>, 173 U.S.276 (1899); <u>Johnson v. Maryland</u>, 254 U.S. 51 (1920); <u>State of Arizona v. California</u>, 283 U.S. 423 (1930); <u>Glover v. Mitchell</u>, 319 Mass. 1, 64 N.E.2d 648 (1946).

decided March 1, 1943, with price control exercised over a contractor with the United States. In these cases the exactions directly affected persons who were acting for themselves and not for the United States. These fees are like a tax upon the right to carry on the business of the post office or upon the privilege of selling United States bonds through federal officials. Admittedly the state inspection service is to protect consumers from fraud but in carrying out such protection, the federal function must be left free." (Emphasis added)

In Attorney General Opinion No. 0-4764, dated August 25, 1942, it is stated:

"In view of the authorities above cited and with recognition of their virtual identity to the situation which you have submitted to this department, you are respectfully advised that Articles 4548 and 4551c of the Revised Civil Statutes of Texas (1925) and Article 747 of Vernon's Penal Code of Texas, prohibiting the practice of dentistry in Texas by unlicensed persons, are police regulations of the State and as such cannot constitutionally be applied to unlicensed persons who are practicing dentistry under the order and direction of the commanding officer of an alien detention camp established and maintained by the United States."

By reason of the foregoing, it is our opinion that dentists employed full time by the Veterans Administration and United States Public Health Service performing services on ex-members of the Armed Forces are not subject to the police power of the State of Texas requiring dentists to be licensed in Texas.

The same principles of law herein announced are applicable to those dentists employed full time by the Veterans Administration in performing dental services for ex-members of the Armed Forces and their dependents in offices, clinics or other establishments under lease by the Veterans Administration inasmuch as they are under the direct supervision of the Veterans Administration. A federal agency is immune from state

interference. United States v. Owlett, 15 F. Supp. 736 (D.C. Pa. 1936). Dentists performing duties under the supervision of the Federal Government in such establishments are not subject to the police power of a state.

## SUMMARY

Dentists employed full time by the Veterens Administration and the United States Public Health Service are not on active duty with the Armed Forces of the United States within the meaning of Article 4550a, V.C.S., but dentists so employed by such federal agencies are not subject to Texas licensing laws (Arts. 4548-4550a, V.C.S.) inasmuch as the activities of federal agencies are not subject to the police power of the State. Waller v. United States, 81 F. Supp. 210 (Dist. Col. 1948); Mayo v. United States, 319 U.S. 441 (1943); State of Arizona v. California, 283 U.S. 423 (1930); Johnson v. Maryland, 254 U. S. 51 (1920); State v. Owlett, 15 F. Supp. 736 (D.C. Pa. 1936).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
Executive Assistant

By Burnell Waldrep
Burnell Waldrep
Assistant

BW:bh:mf:mw